OPINION
Defendant, Jefferson L. Good, appeals the sentence imposed upon him after his conviction for burglary entered upon his guilty plea in the Franklin County Court of Common Pleas.
On April 7, 1999, defendant was indicted on one count of burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree. On November 10, 1999, defendant entered a guilty plea to the lesser included offense of burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree. The trial court continued sentencing and ordered a presentence investigation. At the March 9, 2000 sentencing hearing, defendant was sentenced to a five-year term of imprisonment, the maximum statutory term permitted for a felony of the third degree. From the maximum sentence imposed, defendant brings this appeal and advances a single assignment of error:
 The trial court's imposition of the maximum allowable sentence of imprisonment violated the presumption set forth in R.C. 2929.14(C).
By his assignment of error, defendant contends that the trial court erred in imposing the maximum sentence without making the necessary statutory findings as required by R.C. 2929.14(C) and 2929.19(B)(2)(d).
The overriding purposes of Ohio's new felony sentencing scheme are to "* * * protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). Unless a mandatory term of imprisonment is required, a court that imposes a sentence upon a felony offender has discretion within statutory limits to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. See R.C. 2929.12(A). In exercising that discretion, the court must consider factors relating to the seriousness of the offender's conduct, the likelihood of the offender's recidivism, and any other factors that are relevant to achieving the purposes and principles of sentencing.
R.C. 2929.14 prescribes the guidelines the court must follow for imposing basic prison terms. Pertinent to the instant appeal, R.C.2929.14(C) provides that a trial court may impose a maximum sentence for a single offense only upon an offender who commits the worst form of the offense, upon an offender who poses the greatest likelihood of committing future crimes, upon certain major drug offenders, and upon certain repeat violent offenders. To lawfully impose the maximum term for a single offense, "the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." State v. Edmonson (1999), 86 Ohio St.3d 324,329.
R.C. 2929.14(C) itself does not require the trial court to state its reasons for imposing the maximum sentence; however, R.C. 2929.14(B)(2)(d) does impose such a requirement. State v. Hill (Sept. 26, 2000), Franklin App. No. 99AP-1342, citing State v. Moss (Dec. 28, 1999), Franklin App. No. 99AP-30, unreported. Accordingly, "the trial court is not only required to make the requisite findings under R.C. 2929.14(C), but to state its reasons, as required under R.C. 2929.19(B)(2)(d)."Hill, supra, citing State v. Legg (Mar. 7, 2000), Franklin App. No. 99AP-574, unreported. "The trial court's findings and reasonings need not be specified in the sentencing entry so long as they are discernible from the record as a whole." State v. Abbington (Aug. 8, 2000), Franklin App. No. 99AP-1337, unreported, citing State v. Hess (May 13, 1999), Franklin App. No. 98AP-983, unreported.
An offender who has received a maximum term of imprisonment has a statutory right to appeal the sentence. R.C. 2953.08(A)(1)(a). An appellate court may not reverse the sentence unless it finds, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law. R.C. 2953.08(G)(1)(a) and (d).
The record before us demonstrates that the trial court properly considered all the factors necessary to sentence a defendant to the maximum prison term. At the sentencing hearing, the court reviewed and/or considered the comments of both defendant and defense counsel, the evidence and testimony presented at the guilty plea hearing, and the presentence investigation report. The trial court made two findings, each supported by its reasons, for the imposition of the maximum term of imprisonment upon defendant. The trial court found both that the offense committed by defendant was one of the worst forms of the offense and that defendant is an offender who poses the greatest likelihood of committing future offenses.[1]
The court found that defendant had committed the worst form of the offense "because of the effect it has had on the victim." (3/9/00 Tr. 9.) Specifically, the court noted that defendant's strange actions during the commission of the burglary, i.e. "strategically plac[ing]" (3/9/00 Tr. 7) the victim's undergarments on the floor of the apartment, caused the victim to suffer "serious emotional problems" (3/9/00 Tr. 8) and made her fearful to enter the apartment without her husband present to make certain it was safe.
In finding that defendant posed the greatest likelihood of committing future offenses, the court stated that defendant, thirty-nine years old at the time of sentencing, had had ten contacts with the criminal justice system in the past twenty-one years, three of which resulted in prison time; that he refused to cooperate in the presentence investigation report in the instant case; that he had not responded favorably to sanctions previously imposed ("while on probation * * * adjustment was * * * terrible"); that he had previously stalked a female counselor while participating in the Mound Builder Program; that he had previously menaced a bank teller by following her and taking unauthorized photographs of her; and that he had previously threatened a probation officer with a firearm when the probation officer refused to allow him to see court records.
The reasons cited by the trial court amply support the conslusion that defendant committed one of the worst forms of the offense and poses the greatest likelihood for committing future crimes. Accordingly, we find that the trial court lawfully imposed the maximum sentence upon defendant and fulfilled the statutory requirements where the court satisfied two of the listed criteria in R.C. 2929.14(C) and set forth its reasons for imposing the maximum prison term as required by R.C. 2929.19(B)(2)(d).
Defendant's reliance upon State v. Boss (Sept. 15, 1997), Clermont App. No. CA96-12-107, unreported, is misplaced. In that case, the appellate court found that "[t]here is nothing either in the record on [sic] in the sentencing entry as required by R.C. 2929.19(B)(2) — to indicate that the court `made a finding and [gave] its reasons' for determining that, under R.C. 2929.14(C), appellant committed the `worst form of the offense' or that he posed the `greatest likelihood' of committing future crimes." By contrast, the trial court in the instant case applied the proper statutory standards and made the requisite findings. Accordingly, defendant's assignment of error is overruled.
Having overruled defendant's sole assignment of error, this court hereby affirms the judgment of the Franklin County Court of Common Pleas.
BOWMAN, P.J., concurs.
KENNEDY, J., concurs in judgment only.
[1] The transcript of the sentencing hearing reveals that the trial court actually found that defendant "committed the `first' form of the offense * * *." This court assumes that the word "first" is a typographical error. The transcript further reveals that the trial court found that defendant "pose[s] the `greater' likelihood of committing future crimes." This court finds no reversible error in the court's use of the word "greater" rather than "greatest," as this court has previously indicated that "[a] trial court is not required to invoke the talismanic words of the sentencing statute when making its findings."State v. Morefield (Dec. 21, 1999), Franklin App. No. 99AP-229, unreported, citing State v. Fincher (Oct. 14, 1997), Franklin App. No. 97APA03-352, unreported.